NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARRYL BURGHARDT,

Plaintiff-Appellant,

v.

L. BORGES; J. RENTERIA; J. GUERRERO; K. CRIBBS; D. GOREE, Jr.; R. BROOMFIELD; F. MONTOYA; M. SEXTON; GONZALES; D. OSUMA; A. V. JOHNSON,

Defendants-Appellees.

No. 21-15736

D.C. No. 1:17-cv-01433-AWI-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

California state prisoner Darryl Burghardt appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

force and deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Burghardt's Eighth Amendment claims because Burghardt failed to allege facts sufficient to show that defendants physically engaged with and used pepper spray on him "maliciously and sadistically for the very purpose of causing harm" or knew of and disregarded an excessive risk to his health and safety in providing medical treatment and decontamination procedures. *See Clement v. Gomez*, 298 F.3d 898, 903-904 (9th Cir. 2002) (citation omitted) (discussing Eighth Amendment excessive force and medical deliberate indifference claims); *see also Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion in dismissing without prejudice Burghardt's claims that did not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2) (joinder of parties);

2                                                                        21-15736

*see also* Fed. R. Civ. P. 18(a) (joinder of claims); *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (standard of review).

The district court did not abuse its discretion in dismissing the second amended complaint without further leave to amend after notifying Burghardt of the deficiencies in his pleadings, advising him how to correct them, and affording him multiple opportunities to amend his complaint. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (citation omitted)).

We reject as meritless Burghardt's contention that the district court should have reviewed a separate complaint containing unrelated claims that Burghardt filed alongside his first amended complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

21-15736